# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

May 16, 2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR. 01-00093HG |
| CASE NAME: | U.S.A. vs. (01) ARTHUR JEREMIAH |
| ATTYS FOR PLA: | Lawrence l. Tong |
| ATTYS FOR DEFT: | Richard S. Kawana |
| U.S.P.O.: | Carter A. Lee |

| | | | |
|---|---|---|---|
| JUDGE: | Helen Gillmor | REPORTER: | Stephen Platt |
| DATE: | May 16, 2006 | TIME: | 2:45 - 4:35 |

COURT ACTION:  ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED -

The defendant is present in custody.

Violation No. 3 is amended to read: "The subject submitted an untruthful Monthly Supervision Report for September 2005, in violation of Standard Condition No. 2.".

The defendant denies Violation Nos. 1, 2 and 3.

Carter A. Lee CST.
The Statement of Facts attached to the Request for Course of Action, filed March 21, 2006, is stipulated as Witness Lee's direct testimony.
Government rested.  Defendant rested.

Arguments held.

The Court finds that the defendant is in violation of his supervised release.
The Court finds that this is a Grade C violation, Criminal History Category I.
Allocution by the defendant.

Letter dated 5/16/06 to Judge Gillmor from Betty Mae Reyes, Office Manager of Commercial Building Maintenance, re Letter of Reference, filed.

The supervised release is revoked.

ADJUDGED: Impr of 3 mos.

SUPERVISED RELEASE: 57 mos upon the following conditions:

1. That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition)

4. That the defendant shall cooperate in the collection of DNA as directed by the probation officer.

5. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the terms of supervision (mandatory condition).

6. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. That restitution of $64,737.69 is due immediately to Bank of Hawaii, Security Department, 111 S. King Street, Suite 1620, Honolulu, Hawaii 96813, less restitution paid during his previous term of supervised release and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office, which requires the defendant to pay 10 percent of his monthly gross income of less than $1,200, or pay 25 percent of his net monthly income when he earns net monthly income of $1,200 or more. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

8. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

9. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

10. The defendant shall maintain a single personal bank account (savings or checking), into which all income, financial proceeds, and gains shall be deposited and from which all expenses shall be paid.

11. The defendant shall truthfully and timely file and pay taxes owed for 2005, and shall truthfully and timely file and pay taxes during the period of supervision. The defendant shall show proof to the Probation Officer of compliance with this order. That the defendant file a waiver with the tax office to permit them to provide the Probation Officer with any requested information.

12. The defendant shall resubmit new Internal Revenue Service W-4 forms with each employer for 2006 and thereafter. The defendant shall only be allowed to claim exemptions of "O" or "1," unless he provides evidence that he has a dependant. The defendant shall show proof of compliance with this order.

13. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Advised of rights to appeal.

IT IS ORDERED that the Request for Course of Action be SEALED.

Submitted by: David H. Hisashima, Courtroom Manager