**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ARTHUR JEREMIAH,<br><br>Defendant - Appellant. | No. 05-10476<br><br>D.C. No. CR-01-00093-HG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted March 16, 2006
San Francisco, California

Before: GOODWIN, REINHARDT, and HAWKINS, Circuit Judges.

Arthur Jeremiah appeals his conviction and sentence on 29 counts of bank fraud in violation of 18 § U.S.C. 1344, and one count of using an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2). We affirm.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

Because the facts and circumstances of this case are well known to the parties, we discuss only those facts necessary to understand our decision. In short, the jury found that Jeremiah provided false information to the Bank of Hawaii and induced the bank to provide him with a credit card vendor machine, which he used to submit numerous unauthorized credit card transactions for personal profit.

Jeremiah first contends that the Government's evidence at trial was insufficient to support his conviction, a claim which we review de novo. See United States v. Shipsey, 363 F.3d 962, 971 n.8 (9th Cir. 2004). The only specific item he challenges, however, is a typographical error in the indictment which resulted in the omission of a single digit of an obsolete merchant account number formerly used by the Bank of Hawaii, but not in use at times relevant to the transactions at issue. This typographical error does not constitute a material difference between the facts alleged in the indictment and those proven at trial, and the indictment adequately notified Jeremiah of the conduct and offense charged. See United States v. McCormick, 72 F.3d 1404, 1408 (9th Cir. 1995); United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir. 1992).

Jeremiah also urges that the district court abused its discretion by denying his motion for new trial. Because Jeremiah submitted his motion seven months after the court entered judgment, the only available basis on which he could have

obtained a new trial was with respect to "newly discovered evidence." Fed. R. Crim. P. 33(b). With one exception, the proffered evidence was not newly discovered. The sole piece of new evidence was cumulative and immaterial. The district court's denial of the motion for new trial was therefore proper. See United States v. Steel, 759 F.2d 706, 713 (9th Cir. 1985).

Jeremiah's attacks on the district court's sentencing procedure and restitution order, grounded on the Sixth Amendment, are foreclosed by United States v. Booker, 543 U.S. 220 (2005), and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). And finally, Jeremiah's challenge to the amount of the restitution order is answered by United States v. Cloud, 872 F.2d 846, 855 n.11 (9th Cir. 1989).

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JUN - 2 2006

by
Deputy Clerk