IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 01-00093 HG |
| | ) | |
| Plaintiff, | ) | DECLARATION |
| | ) | |
| v. | ) | |
| | ) | |
| ARTHUR JEREMIAH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DECLARATION

RICHARD S. KAWANA hereby declares that:

1. Declarant is the court-appointed CJA attorney for Defendant-Defendant ARTHUR JEREMIAH in the above-captioned cause, has reviewed the files in this case, and states on information and belief as follows:

   a. On May 11, 2006, Defendant was arrested pursuant to a "no bail" Warrant for Arrest reciting that Defendant be arrested to answer to a Supervised Release Violation Petition charging him in an "Order to show cause why supervision should not be revoked . . . ."; Defendant has been in custody since his arrest;

   b. On May 16, 2006, after an Order to Show Cause hearing, Defendant's supervised release in the above-captioned cause was revoked and he was sentenced to a term of imprisonment of 3 months, supervised release of 57 months, and restitution of $64,737.69;

  c. Judgment was filed on May 25, 2006 and entered on May 30, 2006, by the Honorable Helen Gillmor, Chief United States District Judge, District of Hawaii;

  d. Defendant filed his handwritten Notice of Appeal on May 30, 2006 and the Defendant's opening brief and excerpts of record are to be filed on September 20, 2006;

  e. The judgment was executed on June 1, 2006, when Defendant was "delivered" to the Federal Detention Center Honolulu, where he had been detained since his arrest; the Warden's return on execution of judgment was filed on June 15, 2006;

  2. Defendant is currently serving the sentence imposed at the Federal Detention Center, Honolulu, Hawaii, and to date has served approximately 57 days of his sentence of imprisonment of three months;

  3. Defendant is seeking an order terminating his detention and/or granting Defendant bail pending appeal because:

  a. Defendant is not likely to flee or pose a danger to the safety of any other person or the community as demonstrated during the course of his supervised release;

  b. Defendant prior to his arrest was actively employed in at least three part-time jobs (and, on information and belief, a prospective fourth job) by which he was attempting to support not only himself but also his daughter and grandchild, with whom he shared an apartment the expenses for which he contributed a substantial portion;

  c. Defendant's loss of his employment income has and will cause a substantial hardship for his daughter and grandchild; additionally, Defendant still has the prospect of regaining his employment if he is released and can go back to work with the

employers for whom he worked at the time of his arrest; further delay will likely cause him to lose his employment permanently and require him to seek new employment at the termination of his incarceration and cause additional hardship for himself and his family, and delay his payment of restitution;

      d.    Defendant's appeal is not for the purpose of delay and he believes it raises a substantial question of law or fact likely to result in reversal, or likely to result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED:    Honolulu, Hawaii, July 6, 2006.

        /s/ Richard S. Kawana
        RICHARD S. KAWANA