IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 01-00093 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| v. | ) | |
| | ) | |
| ARTHUR JEREMIAH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

Defendant Arthur Jeremiah is seeking the termination of his detention or the granting of bail pending appeal in this matter .

## ARGUMENT

**Applicable Law**.  18 U.S.C. § 3143(b) provides in pertinent part as follows:

(b) <u>Release or Detention Pending Appeal by the Defendant</u>.——(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds——
    (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c) of this title; and
    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in——
        (I) reversal,
        (ii) an order for a new trial,
        (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the time

>   already served plus the expected duration of the
>   appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence. [1]

The District Court's Order. In its revocation order, this court cited three violations justifying revocation–failure to pay restitution, failure to follow instructions, and "untruthful" monthly supervision reports. Judgment, at page 2. There was no claim or evidence that Defendant was a flight risk. Indeed, when he was arrested, the U.S. Marshal simply went to his employer and learned where he could be located. His trouble-free behavior while on both pretrial and supervised release, including his stay at a halfway house and in a residence while on pretrial release, his excellent pretrial and post-sentencing employment record, his appearance at all court proceedings, his good conduct while incarcerated after trial, his extraordinary family circumstances in caring for his daughter and grandchild, and the record of this case demonstrate clearly and convincingly that Defendant is "not likely to flee or pose a danger to the safety of any other person or the community . . . ." 18 U.S.C. § 3143(b)(1)(A).

Defendant in his appeal is seeking reversal of the revocation of his supervised release and resentencing on grounds that there was insufficient evidence to support this

---

[1] 18 U.S.C. § 3141(b) provides that "[a] judicial officer of a court of original jurisdiction over an offense, or a judicial officer of a Federal appellate court, shall order that, . . . pending appeal of conviction or sentence, a person be released or detained under this chapter." [emphasis added]

court's decision, that this court erred in revoking supervised release, and that cumulative errors require reversal of the revocation of supervised release.  Defendant submits that these grounds also raise substantial questions of law or fact likely to result in reversal, and that on this separate basis the Defendant can and should be granted bail pending appeal in accordance with 18 U.S.C. § 3142(b) or (c).

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that this court should grant Defendant's Motion for Bail Pending Appeal and order the immediate termination of Defendant's detention.

Dated: Honolulu, Hawaii, July 6, 2006.

/s/ Richard S. Kawana
RICHARD S. KAWANA
Attorney for Defendant