ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 05 2007

at 2 o'clock and 50 min. P M
SUE BEITIA, CLERK

**SEALED BY ORDER OF THE COURT**

**United States District Court**

**for the**

**DISTRICT OF HAWAII**

U.S.A. vs. ARTHUR JEREMIAH Docket No. CR01-00093HG-01

**REQUEST FOR COURSE OF ACTION**
**(Statement of Alleged Violations of Supervised Release)**

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Arthur Jeremiah, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 24th day of May 2004, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That restitution of $63,854.09 is due immediately to Bank of Hawaii, Security Department, 111 S. King Street, Suite 1620, Honolulu, Hawaii 96813, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5. That the defendant undergo a mental health evaluation and participate in a mental health program, if deemed necessary, at the discretion and direction of the Probation Office.

The subject's term of supervised release commenced on 6/27/2005.

On 5/16/2006, the Court revoked supervised release based on a finding that the subject willfully failed to submit restitution payments on 5 occasions, failed to follow instructions on 7 occasions, and failed to submit financial information on two occasions. The Court sentenced the subject to 3 months imprisonment, to be followed by 57 months of supervised release with the

SEALED
BY ORDER OF THE COURT

following special conditions: 1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 2) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office; 3) The defendant shall maintain a single personal bank account (savings or checking), into which all income, financial proceeds, and gains shall be deposited and from which all expenses shall be paid; 4) The defendant shall truthfully and timely file and pay taxes owed for 2005, and shall truthfully and timely file and pay taxes during the period of supervision. The defendant shall show proof to the Probation Officer of compliance with this order. That the defendant file a waiver with the tax office to permit them to provide the Probation Officer with any requested information; 5) The defendant shall resubmit new Internal Revenue Service W-4 forms with each employer for 2006 and thereafter. The defendant shall only be allowed to claim exemptions of "0" or "1," unless he provides evidence that he has a dependant. The defendant shall show proof of compliance with this order; and 6) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The subject began his second term of supervised release on 8/10/2006.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A is attached) as follows:

1. The subject willfully failed to pay full restitution payments as required by the District of Hawaii Collection Policy for the months of September 2006, October 2006, November 2006, and February 2007, in violation of Special Condition No. 2.

2. The subject failed to provide the U.S. Probation Office requested financial information on 11/5/2006, 12/1/2006, and 2/28/2007, in violation of Special Condition No. 1.

3. The subject submitted an untruthful Monthly Supervision Report for September 2006, in violation of Standard Condition No. 2.

4. The subject was untruthful with the Probation Officer when he reported compliance with Special Condition No. 5 on 9/22/006, in violation of Standard Condition No. 2.

5. The subject failed to follow the Probation Officer's instructions on 1/10/2007, 2/12/2007, and 2/28/2007, in violation of Standard Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and remain sealed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2007

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed.

Considered and ordered this 27th day of March, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:    **JEREMIAH, Arthur**
       **Criminal No. CR 01-00093HG-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As Your Honor may recall, the subject was convicted of Bank Fraud (Counts 1 to 29) and Access Device Fraud (Count 30). On 8/10/2006, the subject was released for his second term of supervision. During his processing, the subject acknowledged that he understood all the terms and conditions of his supervision and agreed to comply. This officer warned the subject that his failure to comply with the District of Hawaii Collection Policy and provide documentary verification would result in sanctions, to include the revocation of his supervised release. To address his restitution obligation, the subject consented to voluntary payroll deductions in accordance with the District of Hawaii Collection Policy. However, the subject was reminded that he would still be responsible for monitoring his wages to ensure compliance with his restitution obligation. The subject acknowledged that he understood and noted that he did not want to return to prison.

The subject subsequently secured a residence with a family in Honolulu, Hawaii. According to the head of that household, the subject was not required to pay rent in exchange for his assistance in remodeling their bathroom and kitchen. In addition, the subject resumed his employment at Commercial Building Maintenance (CBM) and Jan-Guard Hawaii (JGH).

Since the start of his second term of supervised release, the subject has incurred the following violations:

**Violation No. 1: Willful Nonpayment of Full Restitution for the Months of September 2006, October 2006, November 2006, and January 2007:**

On 8/22/2007, the subject was oriented to his supervision conditions which included the terms of the District of Hawaii Collection Policy enforced by the U.S. Probation Office. During the orientation, the subject was reminded that when his net income amounted to less than $1,200, he was required to pay 10 percent of his monthly gross income, and when his monthly net income amounted to $1,200 or more, he was required to pay 25 percent of his monthly net income toward restitution. The subject acknowledged his familiarity with the District of Hawaii Collection Policy and agreed to comply.

A review of the subject's reported monthly income and payment history for the period September 2006 to February 2007 indicates the following, as contained in Exhibit #1:

| INCOME MONTH | GROSS | NET | AMT DUE | AMOUNT PAID | ARREARAGE |
|---|---|---|---|---|---|
| SEP 2006 | $ 2,216.01 | $ 1,897.95 | $ 474.48 | $ 153.79 | $ 320.69 |
| OCT 2006 | $ 2,796.63 | $ 2,365.19 | $ 591.29 | $ 279.67 | $ 349.58 |
| NOV 2006 | $ 1,932.94 | $ 1,594.02 | $ 398.50 | $ 194.86 | $ 203.64 |
| DEC 2006 | $ 2,598.00 | $ 2,017.56 | $ 504.39 | $ 515.50 | $ +11.11 |
| JAN 2007 | $ 1,794.00 | $ 1,447.76 | $ 361.94 | $ 495.29 | $ +133.89 |
| * FEB 2007 | $ 276.25 | $ 180.58 | $ 27.62 | $ 00.00 | $ 27.62 |
| **TOTALS:** | **$ 11,613.83** | **$ 9,503.06** | **$ 2,358.22** | **$ 1,639.11** | **$ 756.53** |

* The February 2007 payment was 10% of the subject's monthly gross income (rather than 25% of net)*

In light of the foregoing, it is apparent that despite earning income which required the payment of restitution, the subject did not make full restitution payments during the months of September 2006, October 2006, November 2006, and February 2007. On 11/14/2006, the subject was contacted to discuss his restitution arrearage. The subject attempted to blame his employers and stated that "the agreement" dictated that his employers would pay his restitution. The subject was reminded that it was his responsibility to monitor his income and make sure that his employer was deducting the appropriate amounts to satisfy his restitution obligation. This officer reprimanded the subject for failing to provide all of his financial documentation in a timely manner.

As discussed below, despite repeated instructions to comply with his restitution obligation, the subject's nonpayment is considered willful because it was his responsibility to ensure that his employers were deducting the required amount from his paychecks. In this regard, the subject was repeatedly advised (on 8/22/2006, 11/27/2006, and 1/10/2007) that he was responsible for any arrearage in his restitution payments and required to remit additional payments to ensure that full restitution payments were received in accordance with the collection policy. Furthermore, the subject was unable to explain why he failed to make his restitution payments as required.

In summary, the subject had a total net income of $9,503.06 for the months of September 2006 through February 2007, and submitted an aggregate amount of only $1,639.11, or approximately 17 percent of his net earnings towards his restitution

obligation since the commencement of his second term of supervision. It is also noted that his employers have stopped deducting funds from his wages and his last restitution payment was submitted on 1/31/2007. The Probation Office was unable to determine the subject's restitution payment for February because he did not submit his paystubs for the entire month.

**Violation No. 2: Failure to Provide Financial Information on 11/5/2006, 12/1/2006, and 2/28/2007:**

On 10/9/2006, this officer met with the subject to request the submittal of his August and September 2006 pay stubs to determine if he was paying restitution according to policy. The subject stated that he had attached all required documentation to his September Monthly Supervision Report (MSR). It was later determined that the subject did not include his first JGH pay stub for September and he was issued a written reprimand instructing him to submit the JGH pay stub by 11/5/2006. The subject failed to submit his JGH pay stub on 11/5/2006.

On 11/14/2006, the subject reported to the U.S. Probation Office to discuss his financial documentation. Specifically, when questioned about his first JGH pay stub for September, the subject represented that he did not work for the company during the first pay period in September. However, the subject quickly recanted his statement after this officer presented him with the August JGH pay stubs he had attached to his MSR. The subject was instructed to provide the missing September pay stub no later than 12/1/2006. The subject did not submit his September pay stub on 12/1/2006.

Based upon the subject's failure to comply with this officer's instructions, JGH was contacted and accounting personnel reported that the subject earned a net income of $607.82 for the first pay period in September 2006, as listed in Violation No. 1. This is significant because the subject should have made a restitution payment representing 25% of his net income for September 2006, rather than 10% of his gross income. By failing to provide the JGH pay stub, the subject avoided making a restitution payment of 25 percent of his net income ($1,897.95). Instead, the subject made a payment of approximately 10% of his reported gross income. Since the subject commenced employment at JGH in August 2006, he knowingly failed to provide his pay stub for the first pay period in September. In this regard, the subject received and cashed all of the paychecks he received in August and September.

On 12/12/2006, this officer left a voicemail message for the subject requesting his JGH pay stub for the first pay period for the month of November. After the subject failed to respond, this officer scheduled an office visit at the U.S. Probation Office on 2/9/2007. During the meeting, the subject was admonished and instructed to submit

the November pay stub no later than 2/28/2007. The subject did not submit his November pay stub on 2/28/2007. Based on the subject's failure to comply with this officer's instructions, JGH was contacted and accounting personnel reported that he earned net income of $672.18 for the first pay period in November 2006, as listed in Violation No. 1.

Based upon the subject's failure to disclose required financial information, a credit bureau inquiry was conducted to confirm that he was compiling with the special condition prohibiting him from opening new lines of credit or incurring any unreported debt. The credit bureau inquiry reflected that the subject had not established any new lines of credit or incurred any unreported debt. However, the inquiry reflected that federal and state tax liens had been filed against the subject in 1994 ($800) and 2003 ($25,250) for failing to pay his taxes (Exhibit # 2). It is noted that the subject filed his 2005 taxes on 9/2/2007.

**Violation No. 3: The Subject Submitted an Untruthful Monthly Supervision Report for September 2006:**

As described in Violation No. 2, the subject submitted an untruthful MSR for September 2006. In this regard, the subject reported net income of $1,136.00 for the month of September, attached as Exhibit # 1. When confronted about the JGH pay stub for the first period in September, the subject was untruthful and stated that did not work for JGH during that time period. However, the subject later admitted the he earned income during that period and failed to report it in his MSR for September 2006

**Violation No. 4: The Subject was Untruthful With the Probation Officer on 9/22/2006:**

When processed for supervision on 8/22/2006, the subject was instructed to provide proof that he was claiming tax exemptions of either "0" or "1." On 9/22/2006, the subject reported that he submitted exemption forms to both of his employers, but could not provide written verification. This officer subsequently obtained verbal confirmation from CBM that the tax amendment was completed. However, the subject's other employer, JGH, could not verify his representation that he requested the amendment of his tax exemption status to "0" or "1".

On 10/6/2006, the subject reported that his request to amend his JGH exemption status was delayed. This officer forwarded the subject a written remand and instructed him to address the matter immediately and provide proof of the amendment no later than 11/5/2006.

On 11/14/2006, the subject provided a completed W-4 form which was executed on 10/30/2006. Upon reviewing the form, this officer confronted the subject about his statement on 9/22/006 that he had submitted both exemption requests. The subject admitted that he had not been truthful on 9/22/2006 and stated, "these things take time." This officer admonished the subject and informed him that his untruthful representation constituted a supervision violation. In addition, the subject was advised that his failure to amend his tax exemption status in a timely manner was unacceptable.

**Violation No. 5: Failure to Follow the Probation Officer's Instructions on 1/10/2007, 2/12/2007, and 2/28/2007:**

On 1/10/2007, the subject reported to the U.S. Probation Office to discuss his restitution arrearage. This officer noted that JGH did not deduct the agreed upon amount and a significant balance was pending. The subject agreed to make a good faith payment on 1/12/2007. This officer warned the subject that his failure to make the additional payment would constitute a willful failure to pay restitution. The subject did not submit an additional restitution payment on 1/12/2007. He subsequently submitted a copy of a $68.29 money order made out to the "Clerk" and dated 1/29/2007. However, according to the Financial Litigation Unit of the U.S. Attorney's Office, the payment was never made (Exhibit # 3).

On 2/12/2007, this officer forwarded the subject a letter of reprimand which described his violations of supervised release and provided the table of his restitution payments throughout January 2007, with his outstanding restitution arrearage for the delinquent months listed in Violation No. 1. The letter specifically instructed the subject to make his remaining January restitution payment of $121.94 and an additional payment of $200.00 (for a total of $321.94) on 2/28/2007. The letter noted that additional payments of $200.00 would be required on a monthly basis until his balance was current. The subject was warned that further violations would evidence his unwillingness to comply with the terms and conditions of his supervision and additional sanctions would be imposed, to include the revocation of his supervised release.

On 2/28/2007, the subject reported to the U.S. Probation Office to address his restitution violations. The subject acknowledged receipt of the 2/12/2007 letter, but he did not submit a restitution payment because he was "out of work" due to an injury to his thumb. This officer informed the subject that his delinquent restitution obligation was based upon his prior income. The subject then provided a brief summary of his living expenses. He reported that he "helps out" the family he lives with and spent the remaining income on expenses such as "food" and "the bus."

On 2/28/2007, the subject was advised that he was in violation of the District of Hawaii Collection Policy and was instructed to pay his total outstanding balance of $873.91. The subject admitted that he violated his terms and conditions of supervision and agreed to make a partial payment no later than 3/5/2007. The subject did not submit a restitution payment on 3/5/2007. In fact, the subject has not made a restitution payment since 1/31/2007.

Since his release on his second term of supervision, the subject has demonstrated that he is unwilling to comply with his supervision requirements. As Your Honor may recall, the subject did not demonstrate an acceptance of personal responsibility at his trial proceedings and he was charged with the willful obstruction of justice for presenting materially false testimony. In addition, the repetitive nature of the subject's noncompliant behavior indicates he will not comply with his Court-ordered conditions of supervised release and the district fine/restitution collection policy. Despite his assurances that he would comply with his restitution obligation, the subject engaged in deceitful behavior by witholding financial documents, making false representations, and failing to follow this officer's instructions. In considering the subject has a history of not responding to instructions, this officer is requesting the Court to issue a No Bail Warrant for the subject's appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/tcp

RE: **JEREMIAH, Arthur**
**Criminal No. CR 01-00093HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 7**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.