RICHARD S. KAWANA  #1608
Attorney at Law
4 South King Street, Ste 201
Honolulu, HI  96813
Tel. No.:(808) 536-6805
Fax No:  (808) 536-7195
E-Mail:  None

Attorney for Defendant
ARTHUR JEREMIAH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 01-00093 HG 01 |
| | ) | |
| Plaintiff, | ) | DEFENDANT JEREMIAH'S |
| | ) | APPEAL OF MAGISTRATE |
| v. | ) | JUDGE'S DENIAL OF RELEASE |
| | ) | PENDING HEARING; |
| ARTHUR JEREMIAH, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT JEREMIAH'S APPEAL
OF MAGISTRATE JUDGE'S DENIAL
OF RELEASE PENDING HEARING

COMES NOW DEFENDANT ARTHUR JEREMIAH, by his undersigned

court-appointed CJA attorney, and pursuant to Rules 32.1(a)(6) and 46(d), Federal

Rules of Criminal Procedure, 18 U.S.C. §§ 3143(a) and 3145, and Local Rule

CrimLR 57.8, appeals the Magistrate Judge's denial of release pending the

revocation hearing in this case, and requests that this Court grant Defendant's

release.

## I. BACKGROUND.

On April 5, 2007, a Request for Course of Action was filed by United States Probation Officer Carter A. Lee, requesting that a no bail warrant be issued for Defendant's appearance to show cause why supervised release should not be revoked. A No Bail Warrant was thereupon issued on April 5, 2007 and was executed on or about April 19, 2007, when Defendant arrived for a scheduled meeting with the U.S. Probation Officer at the U.S. Courthouse. Defendant has since been detained at the Federal Detention Center Honolulu.

At Defendant's request, a probable cause hearing on the Order To Show Cause (OSC) was scheduled and held on Friday, April 27, 2007 before the Honorable Barry M. Kurren, United States Magistrate Judge. At the hearing, the magistrate judge found probable cause and scheduled the OSC hearing for May 4, 2007 at 9:30 a.m. before Chief U.S. District Judge Helen Gillmor.

Defendant then orally moved for release pending the revocation hearing as the Defendant was not a flight risk and was not a danger to the community, as he was working full time, had a stable residence, and was making restitution payments over the 10% minimum set forth in his sentence. The government agreed that Defendant was <u>not</u> a flight risk but argued that he was a danger to the

community because of the lengthy past history of the case and the grounds that were raised in the OSC petition. Defendant pointed out that because of an accident in late January 2007, in which Defendant had half of one of his thumbs cut off, he had been unable to work, and had been under a doctor's care. He was not scheduled to return to work until the beginning of May 2007 at the earliest, and not until cleared by his treating physician. Thus, he would not pose any type of threat or be a danger to the community. Moreover, unless he was released, his medical care would be compromised.

After further argument, the Magistrate Judge denied Defendant's oral request for release.

## II. ARGUMENT.

The granting or denial of bail pending a hearing in which the government has petitioned for revocation of supervised release is governed by the standards set forth in 18 U.S.C. § 3143(a). Fed.R.Cr.P. 32.1(a)(6). The Defendant may be released if there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a).

If the Defendant is ordered detained, he may appeal and seek review of the order by the district court. Such appeal or review "shall be *de novo*." CrimLR

57.8.  See also, 18 U.S.C. § 3145(b).

In the instant cause, it is undisputed and has indeed been agreed by the government in open court that the Defendant is not a flight risk.  Moreover, Defendant is clearly not a danger to "the safety" of any other person or the community if he is released pending his revocation hearing.  It is undisputed that he has been working at two jobs, well over 40 hours a week, he has family that he helps to support, he has a stable residence, and has been an industrious and reliable employee.  Indeed, there is no indication that he poses any danger whatsoever to the safety any other person or the community.

Furthermore, Defendant is currently recuperating from an accident in which he had half of one of his thumbs cut off.   His medical care and recuperation would be compromised if he is not released so that he may continue with treatment by his treating physician who is familiar with his medical condition.

Finally, because of the detailed nature of the accusations against Defendant, and the severity of the potential punishment he faces, Defendant's ability to prepare adequately for his defense will be severely compromised if he is detained pending his revocation hearing.  If released, he would be able to locate and obtain personal and business records, seek discovery of the probation office's relevant and material records and files, locate witnesses, and assist counsel in preparing his

defense. In this regard, Defendant also requires additional time to organize and prepare his defense.

### III. CONCLUSION.

It is undisputed that Defendant Arthur Jeremiah is not likely to flee. There is clear and convincing evidence that the Defendant Arthur Jeremiah is not likely pose a danger to the safety of any other person or the community. Moreover, there are available more than adequate conditions of release that will assure the safety of any person or the community pursuant to 18 U.S.C. § 3142(c). Accordingly, it is respectfully submitted that Defendant Arthur Jeremiah's appeal of the Magistrate Judge's Denial of Release Pending the hearing on the revocation of supervised release, should be granted and Defendant Jeremiah released pending the hearing.

DATED: Honolulu, Hawaii, April 27, 2007.

    /s/ Richard S. Kawana
RICHARD S. KAWANA
Attorney for Defendant
ARTHUR JEREMIAH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 01-00093 HG 01 |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| v. ) | |
| ) | |
| ARTHUR JEREMIAH, ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on April 27, 2007, by the method of service noted below, upon the following at their last known addresses:

Served Electronically through CM/ECF:

LAWRENCE A. TONG
Assistant U.S. Attorney

Larry.Tong@usdoj.gov

DATED: Honolulu, Hawaii, April 27, 2007.

/s/ Richard S. Kawana
RICHARD S. KAWANA
Attorney for Defendant