FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ARTHUR JEREMIAH,
*Defendant-Appellant.*

No. 06-10397

D.C. No.
CR-01-00093-HG

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted
April 18, 2007—San Francisco, California

Filed May 24, 2007
Amended July 2, 2007

Before: Alfred T. Goodwin, Dorothy W. Nelson, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

RECEIVED

JUL 0 3 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

7715

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO
© 2007 Thomson/West.

, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.

7716          UNITED STATES V. JEREMIAH

## SUMMARY

### Criminal Law and Procedure/Sentencing

The court of appeals affirmed a judgment of the district court. The court held that the exception created by 18 U.S.C. § 3583(i), which requires a valid warrant as a condition of jurisdiction to revoke supervised release when a term of supervision has expired, was not applicable to a defendant who was arrested during his period of supervision.

Appellant Arthur Jeremiah, convicted in district court in Hawaii of bank fraud and use of a counterfeit device, failed to make restitution payments in violation of a condition of his supervised release. Jeremiah was arrested pursuant to his probation officer's request that the court issue a "no bail warrant" for Jeremiah's arrest. The district court conducted a hearing and determined that Jeremiah had violated supervised release. The court imposed new conditions of supervised release, including submitting to drug tests up to eight times per month, not incurring credit charges without approval, claiming no more than one exemption on his W-4 forms, and timely filing tax returns.

Jeremiah appealed, claiming, among other things, that the district court lacked jurisdiction over him because the warrant for his arrest was invalid as it was not based on sworn facts; the evidence was insufficient to conclude that he had willfully violated conditions of release; some of the conditions of supervised release were improper; and cumulative error entitled him to a reversal.

[1] The Ninth Circuit has held that a district court lacked jurisdiction to consider the alleged violations of supervised release because the warrant issued during the term of a defendant's supervised release was not based on facts supported by oath or affirmation, as required by the Fourth Amendment. [2]

Even if Jeremiah's arrest warrant was invalid, illegal arrest or detention does not void a subsequent conviction. The narrow exception to this general rule is for a defendant whose term of supervised release has expired. When a term of supervision has expired, jurisdiction is based on § 3583(i), which requires a valid warrant as a condition of jurisdiction. Because Jeremiah was arrested during his period of supervision, the exception created by § 3583(i) was not applicable.

[3] For purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports revocation. A finding of willfulness was supported by Jeremiah's failure to make restitution payments. Although the evidence might have been open to other interpretations, a trier of fact could reasonably conclude that the failure was willful, so there was no error.

[4] A proposed condition must involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release—that is, to achieve deterrence, public protection, or offender rehabilitation. [5] Jeremiah's violation of supervised release involved failing to make restitution payments. Restrictions on bank accounts and incurring credit charges, as well as ensuring that Jeremiah paid taxes, were reasonably related to supervising Jeremiah's ability to make restitution payments. It was not an abuse of discretion for the district court to impose these conditions.

[6] As for Jeremiah's drug-testing condition, when fundamental rights are curbed it must be done sensitively and with a keen appreciation that the infringement must serve the broad purposes of the Probation Act. [7] Although there was no evidence of drug use by Jeremiah, he did not establish that the drug testing requirement was an unjustified deprivation of his liberty. Having failed to object in the district court to the level of drug testing set by the court, Jeremiah did not meet the burden on appeal of showing that the condition was an abuse of discretion. [8] Because there was no error committed by the

district court, Jeremiah's theory of cumulative error necessarily failed. The judgment of the district court had to be affirmed.

## COUNSEL

Richard S. Kawana of Honolulu, Hawaii, for defendant-appellant Arthur Jeremiah.

Edward H. Kubo, Jr, United States Attorney, District of Hawaii; Lawrence L. Tong, Assistant United States Attorney, Honolulu, Hawaii, for plaintiff-appellee United States of America.

## ORDER

The opinion filed on May 24, 2007, is hereby amended as follows.

In the slip opinion at page 6204, paragraph [7], lines 6-7, the phrase "a significant deprivation of his liberty" is replaced with "an unjustified deprivation of his liberty."

## OPINION

CALLAHAN, Circuit Judge:

The district court revoked Arthur Jeremiah's supervised release after he failed to make restitution payments required as a condition of supervised release for a 2003 bank fraud conviction. The district court sentenced Jeremiah to three months' imprisonment and additional time on a new period of supervised release. On appeal, Jeremiah argues that the district court lacked jurisdiction to revoke supervised release

UNITED STATES v. JEREMIAH                    7719

because he was arrested without a valid warrant, that he was denied a preliminary hearing in violation of Criminal Rule 32.1, that there was insufficient evidence to support revocation of supervised release, and that some of the conditions of supervised release were improper. We have jurisdiction under 28 U.S.C. §§ 1291, 1294 and 18 U.S.C. § 3742. We affirm the district court in all respects.

## BACKGROUND

In 2003, Jeremiah was convicted of bank fraud and use of a counterfeit device. He provided false information to the Bank of Hawaii and induced the bank to provide him with a credit card vendor machine, which he used to submit numerous unauthorized credit card transactions. He was sentenced to twenty-five months of incarceration, five years of supervised release and required to pay restitution of $64,000.

In the summer of 2005, Jeremiah was released from prison and began making restitution payments. He soon failed to make payments, although for a number of months he made at least partial payments of the amounts due.

Jeremiah's probation officer requested that the court issue a "no bail warrant" for Jeremiah's arrest. The request was sworn and a statement of facts explaining Jeremiah's conduct was attached to the request. Jeremiah was arrested by a deputy marshal.

The district court conducted a hearing and determined that Jeremiah had violated supervised release. He was imprisoned for three months, and sentenced to fifty-seven months of supervised release. He also received new conditions of supervised release. These conditions include submitting to drug tests up to eight times per month, not incurring credit charges without approval, claiming no more than one exemption on his W-4 forms, and timely filing tax returns.

## DISCUSSION

On appeal, Jeremiah raises five issues: (1) the district court lacked jurisdiction over him; (2) the district court erred in not affording him a probable cause hearing; (3) the evidence was insufficient to conclude that he had wilfully violated conditions of release; (4) some of the conditions of supervised release were improper; and (5) cumulative error entitles him to a reversal.

### A.

[1] Jeremiah argues that the warrant for his arrest was invalid because it was not based on sworn facts and therefore the district court lacked jurisdiction to revoke his supervised release. Jurisdictional questions are reviewed de novo. *United States v. Vargas-Amaya*, 389 F.3d 901, 903 (9th Cir. 2004). In *Vargas-Amaya* we held "that the district court lacked jurisdiction to consider the alleged violations of supervised release because the warrant issued during the term of Vargas' supervised release was not based on facts supported by oath or affirmation, as required by the Fourth Amendment." *Id.* at 902.

[2] In the petition for the no bail warrant to arrest Jeremiah, the probation officer laid out the basic allegations against Jeremiah and declared "under penalty of perjury that the foregoing is true and correct." A statement of facts then followed. We need not decide whether the oath covered the statement of facts because even if the arrest warrant was invalid "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). *Vargas-Amaya* established a narrow exception to this general rule for a defendant whose term of supervised release has expired. When a term of supervision has expired, jurisdiction is based on 18 U.S.C. § 3583(i) which requires a valid warrant as a condition of jurisdiction. Because Jeremiah was arrested during his

period of supervision the exception created by 18 U.S.C. § 3583(i), as interpreted by *Vargas-Amaya*, is not applicable.

## B.

Jeremiah next argues that he should have been afforded a preliminary hearing before a magistrate judge pursuant to Criminal Rule 32.1 which requires that "a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." FED. R. CRIM. P. 32.1(b)(1)(A). The Supreme Court has explained that "a parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision." *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973).

Jeremiah has waived this issue by failing to raise it in the district court. Federal Rule of Criminal Procedure 32.1(b)(1)(A) states that "[t]he person may waive the hearing." By not raising his demand for a preliminary hearing when initially brought before the district judge, when any error could have been corrected, Jeremiah waived his right to a preliminary hearing. *See United States v. Pardue*, 363 F.3d 695, 698 (8th Cir. 2004) ("Pardue appeared with counsel before the district court or the magistrate judge three separate times, and Pardue never requested a Rule 32.1 hearing during any of these appearances. Accordingly, Pardue also waived his rights to a Rule 32.1 hearing.").

## C.

Jeremiah next contends that there was insufficient evidence to support revocation of supervised release. Jeremiah does not deny that he missed making at least some full restitution payments, but he contends that these violations were not "wilful"

and the district court lacked evidence that the violations were wilful.

**[3]** Ordinarily "[t]here is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements" of a violation. *United States v. Weber*, 320 F.3d 1047, 1050 (9th Cir. 2003). Moreover, "for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation. *United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996). In this case a finding of wilfulness was supported by Jeremiah's repeated failure to make restitution payments on time. Although the evidence might have been open to other interpretations, a trier of fact could reasonably conclude that the failure was wilful, so there was no error.

## D.

Jeremiah next challenges a number of special conditions of supervised release as arbitrary and unduly restrictive of his liberty. He specifically challenges the conditions requiring that he: (1) maintain a single bank account; (2) truthfully and timely file and pay taxes during the period of supervision; (3) claim no more than one allowance on his W-4s; (4) incur no credit charges without prior approval of the probation officer; and (5) submit to up to eight drug tests per month.

We review conditions of supervised release for abuse of discretion. *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). At sentencing "the government bears the burden of showing that a discretionary condition of supervised release is appropriate in a given case," *United States v. Sales*, 476 F.3d 732, 735 (9th Cir. 2007), but on appeal "[t]he burden of affirmatively showing error rests on the appellant." 36 C.J.S. *Federal Courts* § 603 (2007). Furthermore, because Jeremiah did not object to any of the conditions at sentencing,

our review of the conditions is limited to plain error. *Sales*, 476 F.3d at 735.

[4] Conditions of supervised release must satisfy the requirements of 18 U.S.C. § 3583(d).[1] Jeremiah challenges his conditions based on § 3583(d)(2) which requires that a proposed condition "must involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release — that is, to achieve deterrence, public protection, or offender rehabilitation." *Sales*, 476 F.3d at 735 (citing *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003)) (internal quotation marks omitted).

[5] Jeremiah's violation of supervised release involved failure to make restitution payments. Allowing the probation officer to monitor Jeremiah's finances is important to ensure that he makes proper payments. Accordingly, restrictions on bank accounts and incurring credit charges, as well as ensuring that he paid taxes, are reasonably related to supervising his ability to make restitution payments. It was not an abuse of discretion for the district court to impose these conditions. This conclusion is also supported by Jeremiah's failure to explain how these conditions are more than a de minimus deprivation of his liberty.

[6] We scrutinize more closely the condition that Jeremiah submit to as many as eight drug tests per month because test-

---

[1] 18 U.S.C. § 3583(d) permits the district court to order discretionary conditions of supervised release if the condition:

(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a) . . . .

ing for drugs implicates Fourth Amendment rights.[2] "[W]hen fundamental rights are curbed it must be done sensitively and with a keen appreciation that the infringement must serve the broad purposes of the Probation Act." *United States v. Consuelo-Gonzalez*, 521 F.2d 259, 264-65 (9th Cir. 1975).

The district court is required by statute to order that a person "submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court)," unless the court finds that testing is unnecessary for a particular defendant. 18 U.S.C. § 3583(d). In *United States v. Stephens*, 424 F.3d 876, 880-81 (9th Cir. 2005), we held that because the statute declares that the number of tests shall be "determined by the court" it is a decision for the court, rather than the probation officer, to decide how many times a defendant may be tested for drugs. We further explained that the court must set the maximum number of tests to which a releasee may be subjected. *Id.* at 883. Here, the district court, in compliance with *Stephens*, did determine the maximum number of tests.

[7] On appeal, Jeremiah bears the burden of showing that the testing level set by the district court involves a greater deprivation of liberty than is reasonably required to achieve deterrence, public protection and offender rehabilitation. Although there is no evidence of drug use by Jeremiah, he has not established that the drug testing requirement is an unjustified deprivation of his liberty. For example, at oral argument for the first time Jeremiah noted that if he were required to pay for the testing it would be a significant expense. Yet there is nothing in the record suggesting that Jeremiah has been, or

---

[2]The Supreme Court has repeatedly held that mandatory drug testing "constitutes a 'search' subject to the demands of the Fourth Amendment." *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 652 (1995). Special needs, such as supervised release, justify drug testing but such searches must be reasonable under the circumstances. *See Samson v. California*, 126 S. Ct. 2193, 2197 (2006).

will be, required to pay for such tests. Jeremiah, having failed to object in the district court to the level of drug testing set by the court, has not met the burden on appeal of showing that the condition was an abuse of discretion.[3]

## E.

[8] Finally, because we hold that there was no error committed by the district court, Jeremiah's theory of cumulative error necessarily fails.

## CONCLUSION

For the above reasons, the judgment of the district court is **AFFIRMED**.

---

[3]Assuming, without concluding, that it was error to order up to eight drug tests per month, this would not rise to the level of plain error. Plain error is (1) error, (2) that is plain, (3) that affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005). Even if one could conclude that eight tests per month is excessive, this would not seriously affect the fairness, integrity, or public reputation of judicial proceedings.